**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kwamaine Jarelle Ross, Appellant.

Appellate Case No. 2018-001212

---

Appeal From Bamberg County
Doyet A. Early, III, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-100
Submitted March 1, 2021 – Filed March 31, 2021

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, and Senior Assistant Attorney General J. Anthony Mabry, both of Columbia, for Respondent.

---

**PER CURIAM:** Kwamaine Jarelle Ross appeals his murder conviction and sentence of thirty years' imprisonment, arguing the trial court should not have allowed a State Law Enforcement Division (SLED) agent to testify about a prior statement made by another witness for the State. Ross argues the statement was

inadmissible hearsay and the State failed to lay the necessary foundation to admit it as a prior inconsistent statement. We hold the trial court did not abuse its discretion in admitting the prior statement and therefore affirm. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").

First, the statement was not hearsay under the South Carolina Rules of Evidence. *See* Rule 801(d), SCRE ("A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . inconsistent with the declarant's testimony . . . ."). Here, the declarant testified at Ross's trial and the statement was inconsistent with prior testimony. Second, to the extent Ross challenges on appeal the admission of the statement as a prior inconsistent statement pursuant to Rule 613(b), SCRE, we note this argument is unpreserved. At trial, Ross, though advised by the State that it sought to have the statement admitted for impeachment purposes, never argued to the trial court that the State failed to satisfy the requirements of Rule 613(b); therefore, we hold any objection to the foundation laid by the State for admission of the statement was not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.